I appreciate the fact that there has been some uncertainty about all this and talking to our clerk, make sure you understand where we're going at this point. We're going to take up 412-1167 first, the question of substitution of judge. If I understand correctly, in that case, Mr. Strang, who's Mr. Strang? You will be addressing us first and will you be the only one addressing us in 1167 on the substitution of judge? From the appellant. Then from the appellate, Mr. Snowden, you'll be responding on the substitution of judge matter? I will be Mr. Zimmerman. Who is Mr. Zimmerman? I will be John Leonard's associate. Okay. Okay, what is your first name, Mr. Zimmerman? Okay, so Mr. Zimmerman will be then speaking and then on rubato, if any, that will be again you? Okay, and then we will take that case and then proceed accordingly. Mr. Strang, Mr. Zimmerman, then Mr. Strang. Mr. Strang, you're ready to proceed. If it pleases the court and counsel, the appellate courts in this state appear to have differing standards regarding granting of motions for substitution of judge. I believe that the case law is trending toward what I consider to be the superior standard of this fourth district and the opinions that have been issued by the fourth district in which they indicate that the testing of the water standard does not apply. The first case was the Scroggins case and then the Illinois licensed beverage case followed that, which this court is fully aware of. The Scroggins case actually did point out that the there was a new statute at that point and that the new version of that statute did not deal with testing of the water. There was an absolute right to a substitution of judge and that as long as it was timely made, then in fact the substitution should be granted and then it went on to define that timely made indicated that it was filed before trial or hearing and before any ruling on any substantive issue or substantial issue. Cases later indicated that that substantial issue means with regard to the merits of the case. The Illinois licensed beverage case then came along and the wording that couldn't be any clearer as far as I'm concerned where it says about the right of substitution that the trial court does not have discretion to consider whether or not the movement had an opportunity to test the water and it cites Scroggins for that and that so the testing the water was not to be considered. Then I believe that it's I would point the court to the Bemis versus State Farm case which was the first district appellate court case and in that Bemis case it actually there's a part of that case that cites the Illinois licensed beverage case. Now granted Bemis was eventually reversed and vacated but it was on other grounds. It was because there was the Supreme Court had directed it to go back and thought that it was going to go back to a particular judge by naming the cases but it went back and that judge in fact they filed a motion to substitute that judge out and then the Supreme Court just changed their order and said back to this point and that was in 2009 was attempting to state the law that had been cited by the fourth district here. Also in the Rodish case, now this case was prior to the cases in the fourth district. This is the second district case but even though the judge had denied substitution at the lower level the appellate court reversed and they didn't discuss the testing of the waters at that point. They made it very specific to just the wording of the statute. In addition that case involved a pretrial hearing and the wording in that case actually stated the law very similar to the way it was stated in the Scoggins case which then came along three years later and the Bemis case ended up quoting Rodish and that was ten years later. Then also the third district in the court to the Justice McDade's concurring opinion which I believe lays out very cogently reasons that substitution of judge and dealing with what he called tipping of the hand but using that interchangeably for testing of the waters that he said it's a slippery slope too subjective and elusive to be susceptible to any meaningful kind of assessment and easily manipulated. He also stated that the appellate court's standard of review being de novo in these cases that the appellate court really can't see the inflection or facial expression or body language that the trial court could see that might indicate some sort of tipping of the hand. So the appellate court has to rely on the trial judge's subjective recollection and reconstruction in reviewing that decision and he believes that it's inappropriate for a de novo review. And finally in that reasoning there was also a statement that an acknowledgment that the judge that has tipped his hand is tantamount to a concession that he has prejudged the case and then is therefore biased and if he's prejudged the case and is biased he should take himself out of it as a matter of course on his own. It should mitigate a recusal as opposed to militate against it. So he went on to state that he just felt that it was backwards because of that particular standard being applied. I would rely on there were other cases that dealt with pre-trial hearings where judges made statements and there's a Becker case, a 1990 case, which is the third district that an hour and a half pre-trial that was extensively participated in by the judge at that point. The appellate court said we don't see a substantive ruling being handled there. I would also like to point out about timeliness. Timeliness has nothing to do with calendar time. Timeliness as these courts have defined it and even the Roselli case which was a site that was omitted in the appellee's reply brief about the earliest practical moment. Really that part is taken out of context because when you look at Roselli, when they dealt with timeliness they always dealt in that case, which is where it started that kind of discussion, they always dealt with timeliness dealing with whether or not it was filed before a substantive ruling. Then they cite a number of cases in that Watson, Fenema, and Aurority case and all of those dealing with timeliness and all of those were just a determination on whether they believed that a substantive ruling had been made. Nothing to do with when it was filed or any calendar related to that. I believe that's all unless the court has any questions. I don't think so. Thank you counsel. Mr. Zimmerman. Thank you and may I please report counsel. I know we are limited on time so I will try to be as brief as possible and our briefs fairly well take care of the issues. The appellants here seem to suggest that their opinion is that the 4th district does not follow the testing of the water standard. We have cited a case, Curtis versus 2009 4th district case and in that case this court specifically references the testing of the water standard. This court talks about judge shopping and a chance to form an opinion as to the judge's predispositions. In my research I have not been able to find a single case 4th district or other that seems to support appellants reading of the Illinois beverage association case. I don't think the subsequent 4th district cases support that and I haven't seen cases from other districts. What should the rule be? I think the rule should be the same. Prior to the appellant filing their motion for substitution the case had been pending for over a year. The trial court had been assigned to this case for over 9 months. The trial court had held an extensive hearing with counsel making arguments, the trial court asking questions and responding to those arguments and ultimately no ruling issued from that hearing because it came to light that one of the parties had filed a ancillary case that affected one issue that is involved in the case here. That case was subsequently assigned to the same trial court and that case was decided on the merits by that trial court. Here you have a trial court who has already issued a ruling related to the case, albeit in a separate case.  And all of a sudden the appellants have a reason to feel that they need to get rid of the trial court. Your Honor, the only reasonable explanation for that is that at some point they determined that General Lagoski was not favorably disposed to some claim that they were making or that they just wanted to delay the case. Was there any evidence that they filed the motion to delay the case or to avoid trial? Other than the circumstances of the case, filing it 9 months after the judge was assigned, they filed the motion, if my recollection serves me correctly, the morning of a hearing on some motions that were scheduled in that case, which obviously put a hold on those motions. So maybe there is circumstantial evidence of that, but did the trial court make any findings that the motion was filed in order to delay or avoid trial? No, Your Honor, I don't believe the trial court made any findings to that effect. The trial court did specifically find that she had expressed opinions in regards to certain issues in the case, though. And with the testing of the waters standard... Well, I'm putting aside the testing of the waters part of it here and still sticking with the avoidance of trial or delay of trial. If the trial court hasn't made any findings that the filing was motivated for those reasons, can this court step in and make those findings based on the record here? It doesn't appear that we can. Well, Your Honor, as the appellants point out, the standard in review is de novo. The record is in front of the court. I will concede that the trial court did not make any such findings. But I don't know that the trial court would ever be in a position to... well, be in a better position to make a finding that the purpose of the motion was for delay. I would imagine you're going to be hard pressed to find a situation where a party is going to freely admit that their reason for filing a motion is solely to delay. And I'm fairly certain that no attorney would ever admit to that. Well, the circumstances could be a little more clear than they are here. Pointing towards delay as the purpose. For instance, if it was on the eve of trial and the judge had denied a pretrial motion, that same party then moves to find a motivation that it was done for delay. It doesn't seem like... it doesn't pop out here that there is a motivation here on the part of the movement to delay or avoid a hearing or trial. Well, Your Honor, I think the record speaks for itself regarding the delay issue. And further, at the July 2007 hearing, as the hearing was wrapping up, there was an extensive discussion about the substitution of judge in the related case. Then at the very end of the transcript, last page of the transcript, page 41, line 1, Mr. Leonard asked, my client would be the only party who would have a bump left, referring to a motion for substitution of judge. The trial court said, in this one, but where we're talking about Mr. Snowden's suit, referring to their earlier discussions. Mr. Schnepp did not stand up at that point and say, I think I still have one. His attorney did not stand up at that point and said, no, Your Honor, we still think we have one. Whether that's determinative or not, this is in July of 2007, and it's several months later, approaching a year later, that all of a sudden Mr. Schnepp and the appellant decides that they think they now have this motion for substitution of judge available to them. We can always come up with hypotheticals that would make the circumstances stronger, but I think the record before the court is clear that if the court does not accept the testing of the water standard, that there is enough evidence that really the only other purpose for this motion could be for delay. And in regards to the testing of the water standard, Your Honors, it's an unpublished opinion, I'll grant that, but in May of this year, this court issued an opinion in regard to the marriage of Campbell. I found this case this morning. The site is 2013 Illinois Appellate 120925-U. In that case, this court cites favorably the Curtis case, the Estate of Gay case, and also the Heart of Pillow case, which is the case that we relied on in our objection to their motion for substitution of judge. And in that case, this court favorably cites case law and adopts case law regarding the testing of the waters. So, Your Honor, I think that the Fourth District has adopted and continues to follow the testing of the water standard. If not, I think that there is plenty of evidence in the record to show that the only other possible purpose for this motion was to delay the case, and we would ask that you affirm the court's denial of the motion for substitution of judge. Thank you. Thank you, Counsel. Mr. String. Any rebuttals, sir? Your Honor, I believe that the Campbell case was a Rule 23 case, which really, I don't believe we are at liberty to cite here today. With regard to the facts of the Scroggins case, there was a motion for substitution filed at 4 o'clock the day before the motion hearing, and the counsel on the other side didn't get it until 10 o'clock the next morning. And this court proceeded and did not find that that was for delay. And as Mr. Justice Harris has indicated, we believe that there is no indication in the record, and there certainly wasn't any indication of delay at that time. And it certainly wasn't filed for that. The Curtis v. Loffey case, I believe we addressed in our reply brief, there were at least four substantive rulings that occurred in that case, including what the trial judge based its reason for denying the motion for substitution, which was a motion to strike a portion of it based on res judicata. And if that doesn't go to the substantive ruling, I don't know what does. And then the wording in that, actually the paragraph where the holding is, actually says it's based on the substantive ruling. Now there was some later discussion about, maybe the judge knew about it at that, the dismissal kind of had something to do with that also, but clearly that case was, the appellate court was affirming what the trial judge had done, which was based on res judicata, not allowing the substitution at that point. The discussion about the number of substitutions that were left that took place at the end of that hearing, again I believe we dealt with that rather well in our reply brief. But I would also point out that the court at that point was talking about people still having what she called, there are three parties, everybody gets a bump, so we'll see where we end up. Okay, well, and the bump meaning everybody gets to bump one of the judges or motion for substitution. At the end of that hearing she was talking, this was the hearing that, the motion hearing that they went through several items but no ruling was made, it was shown as a continuance. She admits on several occasions that I didn't make any rulings, I didn't do this, I didn't do that. And even at the end of that hearing she felt people still had the right for substitutions. And she certainly, I mean she was sitting right there and had just dealt with all of what had been argued that day and felt that there hadn't been any substantive rulings made. Thank you, Your Honor. Okay, thank you, Counselor. Counselor, we're going to take this matter under advisement and discuss it in conference for a few moments and then we will be out to talk further about the appeal in 412-1142. ...